Alex Meggitt, OSB #174131
P.O. Box 5248
Portland, OR 97208
Email: ameggitt@ojrc.info
Telephone: (503) 563-3354

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| ANTHONY BYAM,<br><br>    Plaintiff,<br><br>vs.<br><br>OREGON DEPARTMENT OF CORRECTIONS and KYLE OSBORN,<br><br>    Defendants. | Case No. 2:22-cv-414<br><br>COMPLAINT<br><br>Civil Rights Action (42 U.S.C. § 1983) for cruel and unusual punishment in violation of the Eighth Amendment; state law negligence claim<br><br>DEMAND FOR JURY TRIAL |

    This is a Civil Rights action stemming from Defendants' unconstitutional and unreasonable failure to protect Plaintiff Anthony Byam from harm as he descended a prison staircase while handcuffed behind his back, and for Defendant's failure to seek medical attention for Mr. Byam for several hours after his injury.  As a result of Defendants' actions, Mr. Byam suffered unnecessary physical and mental pain and suffering.

//

//

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4). This Court has pendent jurisdiction over plaintiff's state law negligence claim under 28 U.S.C. § 1967.

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Ontario, Malheur County, Oregon.

## PARTIES

3. Plaintiff Anthony Byam is an adult who currently resides in Salem, Oregon, at the Oregon State Correctional Institution (OSCI); at the times relevant to this complaint, he was housed at Snake River Correctional Institution (SRCI) in Ontario, Oregon.

4. Defendant Oregon Department of Corrections (ODOC) is a department or division of the State of Oregon with the capacity to sue and be sued pursuant to the Oregon Tort Claims Act. Under *respondeat superior*, Defendant State of Oregon is liable in a state tort action for the actions or inactions of its agents.

5. At the time of the allegations made herein, Defendant Kyle Osborn was a corrections officer at SRCI.  At that time, he was an employee of the State of Oregon and ODOC.  At all times alleged, Defendant Osborn was acting under color of law, and is being sued in his individual capacity.

//

//

## FACTUAL ALLEGATIONS

6. On March 15, 2020, Mr. Byam was housed in the C Block of the Disciplinary Segregation Unit (DSU) at SRCI.

7. At approximately 2:30 PM, Defendant Osborn escorted Mr. Byam and his cellmate back to their DSU-C cells after they had showered. Mr. Byam and his cellmate were handcuffed behind their backs as Defendant escorted them.

8. The showers were located on the top tier of the unit, and Mr. Byam and his cellmate had to be escorted down a flight of stairs to return to their cell.

9. Defendant Osborn was aware of the substantial risk of serious harm to a prisoner who walked down stairs, handcuffed behind his back, without an officer escort close by to provide assistance if needed.

10. Defendant Osborn remained at the top of the flight of stairs as Mr. Byam and his cellmate descended the stairs. Mr. Byam fell about halfway down the stairway, and he was unable to catch himself or break the fall because he was restrained. Defendant Osborn was too far away to place hands on Mr. Byam to prevent him from falling.

11. Mr. Byam injured his back and elbow in the fall.

12. As Mr. Byam was returned to his cell, he asked Defendant Osborn to take him to medical services for evaluation and treatment. Defendant Osborn refused to do so.

13. For the next few hours, Mr. Byam asked any ODOC staff who walked past his cell to take him to medical services otherwise help him get medical attention.

14. At or about 6:00 PM, Defendant Osborn returned to Mr. Byam's cell and took him to medical services for evaluation and treatment of his injury.

15. Mr. Byam continues to experience pain, difficulty moving, and other medical issues with his back and elbow from the fall.

## CLAIMS FOR RELIEF

16. Plaintiff brings claims under 42 USC § 1983, for violations made by the named Defendant, of Mr. Byam's Eighth Amendment rights to be free from cruel or unusual punishment. He also brings at state negligence claim again Oregon Department of Corrections.

17. Defendant Osborn is a person within the meaning of 42 U.S.C. § 1983.

18. Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

### CLAIM 1: VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983]
### EIGHTH AMENDMENT
### (Deliberate Indifference to Medical Needs— Individual Liability)

19. Mr. Byam restates and incorporates here the allegations in all preceding paragraphs.

20. Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." A "cruel and unusual punishment" could include deliberate indifference to a prisoner's serious medical needs and/or failure to protect the prisoner.

21. Defendant Osborn observed Mr. Byam fall on the stairs, and Mr. Byam asked Defendant to take him to medical services for evaluation. Defendant Osborn did not take Mr. Byam to the medical unit for approximately three and a half hours after he observed Mr. Byam fall.

22. Defendant Osborn was deliberately indifferent to Mr. Byam's serious medical needs in failing to take Mr. Byam to medical services for approximately three and a half hours,

and/or in failing to contact the medical staff about the incident, knowing that Mr. Byam had fallen and was in pain.

23.     Defendant Osborn further violated Mr. Byam's rights under the Eighth Amendment by failing to protect him from the substantial risk of serious harm to a prisoner walking down a flight of stairs with his hands handcuffed behind his back without an officer close by to assist him if he fell. Defendant was aware of this risk.

## CLAIM 2: STATE TORT CLAIMS
### (Negligence – Against Oregon Department of Corrections)

24.     Mr. Byam restates and incorporates here the allegations in all preceding paragraphs.

25.     Defendant Oregon Department of Corrections, acting by and through its employees and agents, was negligent in one or more of the following ways:

a. In failing to exercise reasonable care to protect those in its custody, including Mr. Byam, from the unreasonable risk of harm of failing to properly escort him while he was handcuffed behind his back, including by failing to stay close enough to catch him when he began to fall while walking down the stairs; and

b. In unreasonably delaying providing medical assessment and treatment to Mr. Byam for at least three and a half hours after his injury.

26.     As the corrections agency holding Mr. Byam in custody, Defendant had a special relationship with Mr. Byam, and owed him a heightened duty of care. This duty included protecting him from foreseeable harms arising in SRCI.

27.     Defendant's agents and employees knew or should have known that their acts or omissions would result in a foreseeable risk of harm and suffering to Mr. Byam. Because of this

foreseeable risk, Defendant owed Mr. Byam the reasonable care and duty of not exposing him to such harm.

28. Defendant's agents' and employees' conduct was unreasonable in light of the risk of harm to Mr. Byam and resulted in the aforementioned harm.

29. As a direct result of the actions and omissions of Defendant ODOC, Mr. Byam experienced pain, suffering, emotional distress. For his state negligence claim, Mr. Byam is entitled to compensatory and pecuniary damages in an amount not to exceed $90,000.00.

30. Notice as required by the Oregon Tort Claims Act was provided to defendant ODOC within the statutorily prescribed time frame.

## DEMAND FOR JURY TRIAL

31. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

## REASONABLE ATTORNEY'S FEES AND COSTS

32. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

33. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## CONCLUSION

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of Mr. Byam against Defendants for his economic and non-economic damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other and further relief as may appear just and appropriate.

DATED: March 14, 2022.

*/s/ Alex Meggitt*
Alex Meggitt, OSB #174131

P.O. Box 5248
Portland, OR 97208

Attorney for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anthony Byam

**DEFENDANTS**
Oregon Department of Corrections, Kyle Osborn

**(b)** County of Residence of First Listed Plaintiff: Marion
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Marion
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alex Meggitt, OJRC, PO Box 5248, Portland OR 97208; (503) 563-3354

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

[x] 550 Civil Rights (under PRISONER PETITIONS)

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Eighth Amendment - deliberate indifference and failure to protect

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 3/14/2022
SIGNATURE OF ATTORNEY OF RECORD: s/ Alex Meggitt

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____